S. David Rosenthal, SBN 161440
**ROSENTHAL LAW**
2251 Douglas Boulevard, Suite 120
Roseville, CA 95661
T: 916-774-7200
F: 916-774-7200

Attorneys for Plaintiff,
MERRILEE A. POSNER

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRILEE A. POSNER, <br><br> Plaintiff, <br><br> vs. <br><br> HILLSTONE RESTAURANT GROUP, INC., dba BANDERA'S; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 2:19-CV-00507-TLN-KJN <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** |

Plaintiff MERRILEE A. POSNER alleges:

1.  Plaintiff MERRILEE A. POSNER resides within the jurisdiction of this court and at all times herein mentioned was a resident of Sacramento County, California.

2.  Defendant HILLSTONE RESTAURANT, INC, dba BANDERA, (hereafter "HILLSTONE" or "BANDERA") is and at all times herein mentioned was, a Delaware corporation, with its principal place of business in Phoenix, Arizona, registered to do business and doing business in the State of California and within the jurisdiction of this court at the time of the incident alleged in this complaint.

3.  Plaintiff is ignorant to the true names and capacities of the defendants sued herein as DOES 1 to 10 inclusive, and therefore sues such defendants under fictitious names, and Plaintiff will amend the Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and based on such information and belief

– 1 –

alleges that each of such fictitiously named Defendants is legally responsible for the occurrences herein alleges and that Plaintiff's damages as herein alleged were proximately caused by the wrongful acts of such fictitiously named defendants.

4. Plaintiff is informed and believes and based on such information and belief alleges that at all times herein mentioned HILLSTONE and its agents and employees, including all fictitiously named defendants, and each of them, were operating a restaurant as a business in Sacramento, California, and in doing all of the things herein alleged herein were acting within the course and scope of that business.

## JURISDICTION AND VENUE

5. This an action bought to recover damages under the provision of 18 U.S.C. Section 2255, personal injury, general negligence and premises liability, California Code of Civil Procedure section 425.12. This Court has jurisdiction over the subject matter of this action and the parties by virtue of 28 U.S. Code section 1332, 1441 and 1446.

6. Venue is proper in this Court pursuant to 28 U.S. Code 1391 because this action is brought in a judicial district in which the event or omissions giving rise to the claim occurred, in which the Defendant HILLSTONE conducts substantial business in this jurisdiction and are therefore subject to personal jurisdiction in this jurisdiction, and Plaintiff is a resident of this jurisdiction.

## STATEMENT OF FACTS

7. On February 25, 2017, plaintiff entered the BANDERA restaurant, owned and operated by HILLSTONE, and asked a hostess to be seated at a table for dinner. While walking through the restaurant to her table through an area between the bar and other dining tables, Plaintiff stepped in water that had been spilled or allowed to accumulate on the floor and slipped, causing her leg to slide and her hip to twist suddenly and awkwardly.

8. Plaintiff slipped on water in an area of the restaurant used by customers to walk to and from dining tables, the bar and the rest rooms. Defendants knew or should have known that any excess water that was spilled or otherwise allowed to accumulate on the floor in this area of the restaurant would represent a slip hazard to its customers. Defendant's wait staff

served water to its customers in glasses and regularly refilled glasses at the tables with pitchers. Defendants knew or should have known that its wait staff should take reasonable precautions to avoid spilling water or allowing water to accumulate on the floor in this area of the restaurant and to exercise reasonable diligence in cleaning or removing spilled or accumulated water on the floor or warning customers to avoid the water.

9. Defendants spilled water or allowed water to accumulate on the floor where plaintiff slipped and failed to do anything to remove the water or warn its customers of a slip hazard. Defendants also knew or should have known that the area where the water was spilled or allowed to accumulate was darkened for ambiance and made it difficult for customers to see any slip or trip hazards on the floor, including water.

10. Defendant HILLSTONE and the BANDERA restaurant staff, and its agents and employees, were negligent in spilling the water on the floor or allowing the water to accumulate on the floor, in failing to clean or remove the water from the floor, and in failing to warn plaintiff of the slip hazard created by the water.

11. As a direct and proximate result of the negligence of Defendant HILLSTONE and the BANDERA restaurant staff, and its agents and employees, plaintiff slipped and suffered injuries to her hips and legs, including but not limited to, tears or traumatic injuries to the labrum, gluteus minimus tendon, bursa and hamstring.

12. As a direct and proximate result of the negligence of Defendant HILLSTONE and the BANDERA restaurant staff, and its agents and employees, Plaintiff has undergone extensive medical evaluation, intervention and physical therapy, has ongoing physical pain, restricted movement and symptoms, and will require ongoing and future medical care.

13. As a direct and proximate result of the negligence of Defendant HILLSTONE and the BANDERA restaurant staff, and its agents and employees, Plaintiff has sustained physical injury and economic and non-economic damages in the nature of, the cost of past and future medical care, out of pocket costs, and pain and suffering. These costs are continuing and will be presented through discovery and according to proof.

## FIRST CAUSE OF ACTION - PREMISES LIABILITY

### (Negligence)

14. Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 14, inclusive, as set forth above and makes them a part hereof as through fully set forth.

15. Defendant HILLSTONE, dba BANDERA restaurant, and its agents and employees acting in the course and scope of their agency and employment, negligently owned, maintained, managed and operated the restaurant by spilling water on the floor and by allowing water to accumulate on the floor in an area where customers were expected to walk in the restaurant. By spilling water on the floor or allowing water to accumulate on the floor, defendants created a slip hazard and dangerous condition on the restaurant premises. As a direct and proximate result, plaintiff slipped on the water and suffered injury.

16. Defendant HILLSTONE, dba BANDERA restaurant, and its agents and employees acting in the course and scope of their agency and employment, negligently owned, maintained, managed and operated the restaurant by failing to notice the water that had been spilled or allowed to accumulate on the floor, and failed to take reasonable steps to remove the water or warn customers of the slip hazard created by the presence of the water. As a direct and proximate result, plaintiff slipped on the water and suffered injury.

17. As a direct and proximate cause of the dangerous condition on the premises of BANDERA restaurant and the negligence of Defendant HILLSTONE, dba BANDERA restaurant, and its agents and employees acting in the course and scope of their agency and employment, plaintiff slipped on the water and sustained physical injury, required medical care, incurred past medical cost, will incur future medical cost, has incurred past pain and suffering and will incur future pain and suffering. and has conduct of Defendant HILLSTONE, Plaintiff sustained damages in the nature of physical injury, pain and suffering and costs of medical expenses, travel and inconvenience. These costs are continuing and will be presented through a Statement of Claim and discovery.

**WHEREFORE**, Plaintiff prays for judgment on her First Cause of Action as follows:

1. For damages for past and future medical costs, out of pocket costs, and past and future pain and suffering according to proof;
2. For actual costs of suit incurred herein; and
3. For such other relief as the court may deem proper.

DATED: April 15, 2020

**ROSENTHAL & KREEGER, LLP**

By: _____
S. DAVID ROSENTHAL
Attorney for plaintiff MERRILEE A. POSNER